FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY C., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:21-CV-05026-JAG <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney Maren Miller Bam represents Gregory C. (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.     JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on July 19, 2019, alleging disability since October 1, 2016, due to PTSD, ankle pain, shoulder pain, back pain, tinnitus/hearing loss, and left hand injury. Tr. 67-68. The application was denied initially and upon reconsideration. Tr. 96-102, 104-10.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Marie Palachuk held a hearing on July 15, 2020, Tr. 35-66, and issued an unfavorable decision on July 31, 2020, Tr. 15-27. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request for review on January 27, 2021. Tr. 1-5. The ALJ's July 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 23, 2021. ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was born in 1981 and was 35 years old as of the alleged onset date. Tr. 25. He has a high school education and served in the U.S. Navy for eight years. Tr. 283. He has alleged PTSD from his time in the service, including from witnessing a fellow serviceman's accidental death in Guam. Tr. 283-84. In late 2019 he returned to work full time, but testified that he used all his paid time off for the year in the first few months of 2020, and had to work with his human resources department to make arrangements going forward. Tr. 54.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On July 31, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had engaged in substantial gainful activity from October 28, 2019, through the date of the decision, and therefore denied the claim at step one for that period of time. Tr. 17-18. However, as there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, the ALJ continued the five-step analysis for the earlier period. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: obesity, chronic low back pain, PTSD, major depressive disorder, and alcohol and marijuana abuse. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at the light exertional level, except:

> He can occasionally perform postural activities with the exception of no crawling or climbing of ladders, ropes or scaffolds; able to understand, remember and carryout simple, routine tasks; able to maintain concentration, persistence and pace on simple, routine tasks for two-hour intervals between regularly scheduled breaks; no fast-paced production rate of pace; no public contact; occasional interacting with coworkers and supervisors; dealing with things rather than people.

Tr. 20.

At **step four**, the ALJ found Plaintiff was unable to perform his past relevant work as a phlebotomist, carpenter, bus driver, or operating engineer. Tr. 24.

At **step five**, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers

in the national economy, including the jobs of collator operator, small parts assembler, and office cleaner. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. 26-27.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly weighing the opinion from Dr. Valdez; and (2) failing to properly evaluate Plaintiff's subjective complaints.

## VII.   DISCUSSION

**A.    Plaintiff's Symptom Testimony.**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 14 at 17-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found

Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were not supported by the objective physical and mental evidence, were inconsistent with his demonstrated activities (including his return to full-time work), were undermined by his statements to providers in which he regularly denied symptoms, and were inconsistent with his conservative course of treatment. Tr. 21-23.

Plaintiff argues the ALJ disregarded supportive objective findings, and ignored the context of Plaintiff's work, including his need for extensive time off. ECF No. 14 at 18-19. He additionally asserts the ALJ failed to discuss the circumstances surrounding his treatment, including that past medication use had not been beneficial and that he sought emergent treatment for anxiety. *Id.* Defendant argues the ALJ gave sufficient reasons for disregarding Plaintiff's statements, and that her interpretation of the record was supported by substantial evidence. ECF No. 16 at 9-15.

The Court finds the ALJ offered sufficient reasons for discounting Plaintiff's subjective reports. An ALJ may consider inconsistent statements by a claimant in assessing the reliability of his reports. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ reasonably pointed to instances in the record where Plaintiff denied symptoms that he later reported in his statements to the Agency. Tr. 23. The ALJ's interpretation is supported by substantial evidence, and Plaintiff offers no arguments contrary to the ALJ's conclusions.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ reasonably found Plaintiff's engagement in full-time work to be contrary to his claim for disability, and accurately noted that there was no significant change in his overall condition since the alleged onset date. Tr. 23. Plaintiff asserts his work activity should not be construed as inconsistent with his

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

reports, as he used all of his time off in the first few months of the year and was working with his HR department to get accommodations and discussed FMLA leave with his therapist. ECF No. 14 at 19. However, the record contains no documentation of any FMLA paperwork or any records from Plaintiff's employer to support these allegations. The only record supporting this allegation is Dr. Valdez's note from January 2020 which states only "FMLA" with no further explanation. Tr. 744. The ALJ's conclusion that Plaintiff's full-time work activity since October 2019 is inconsistent with his claim to disability is supported by substantial evidence.

      Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ found Plaintiff's allegations to be inconsistent with the consistently unremarkable physical exam findings, the lack of supportive imaging of Plaintiff's spine, and the no more than moderate abnormalities noted on mental status exams. Tr. 21-22. The Court finds the ALJ's interpretation of the record is reasonable. While there are some objective findings in Plaintiff's treatment records that are supportive of his allegations, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ reasonably summarized the records, pointing to the largely unremarkable findings throughout the record and the lack of support for marked or more severe limitations.

      The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective complaints.

B.     **Dr. Roberto Valdez.**

Plaintiff contends the ALJ erred by improperly rejecting the opinion from his treating therapist, Dr. Valdez. ECF No. 14 at 8-16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the

      medical opinions or prior administrative medical finding(s) will be.

      (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

      Plaintiff's treating therapist, Dr. Valdez, completed a medical source statement in January 2020 in which he opined Plaintiff had numerous moderate limitations in work-related functions, and was markedly limited in carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, sustaining an ordinary routine without special supervision, completing a normal workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number of rest periods, accepting instructions and responding appropriately to criticism from supervisors, and setting realistic goals or making plans independently of others. Tr. 725-26. Dr. Valdez further explained that Plaintiff was hypervigilant and felt emotionally numb at times, had difficulty with sustained concentration and attention, and had the most difficulty with social interactions, which caused him undue anxiety. Tr. 727. Dr. Valdez concluded that due to his various symptoms, Plaintiff's vocational prognosis was likely to remain poor. *Id.*

The ALJ found this opinion unpersuasive, noting it was inconsistent with medical evidence showing largely intact mental status exams and only a conservative course of treatment. Tr. 24-25. The ALJ further found the opinion was contradicted by Plaintiff's full-time work at the time the opinion was completed, and found it to be inconsistent with the testimony of the medical expert at the hearing, who specifically noted the lack of supportive evidence for the marked limitations in the opinion. *Id.*

Plaintiff argues that ALJ erred in giving more weight to the non-examining opinion of the medical expert, failed to acknowledge the context of Plaintiff's work and repeated absences, ignored the abnormal mental status exam findings documented throughout the record, and failed to acknowledge the circumstances surrounding the level of care Plaintiff received. ECF No. 14 at 12-16. Defendant argues the ALJ's discussion was supported by substantial evidence and that Plaintiff's alternative interpretation of the record did not render the ALJ's interpretation incorrect. ECF No. 16 at 18-20.

The Court finds the ALJ did not err. The revised rules require the ALJ to consider the supportability and consistency of an opinion. The ALJ reasonably found Dr. Valdez's records lacked support for the limitations assessed, noting the minimal objective abnormalities and the lack of significant treatment for the supposedly disabling impairments. Tr. 24-25. These were relevant factors for the ALJ to consider in determining the supportability of the opinion. As noted by the medical expert, the treatment records were limited, with nothing in them to establish marked impairments. Tr. 48-49. The ALJ reasonably considered this testimony in finding Dr. Valdez's opinion to be inconsistent with the other evidence. Additionally, as discussed above, the ALJ reasonably considered Plaintiff's full-time work as inconsistent with the disabling limitations. Plaintiff's arguments regarding missed days and potential FMLA accommodations are not supported by any evidence in the record. Therefore, the ALJ reasonably considered

Dr. Valdez's opinion to be inconsistent with Plaintiff's demonstrated abilities with respect to work. The ALJ's discussion is supported by substantial evidence.

## VII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 21, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE